**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DIRECTV, INC.**,

      Plaintiff,

v.                                        Civil No. **03-0058 MCA/DJS**

**ROBERT BERKELO,
JERALD SOLANO,**
and **MANNY SENA**,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANTS BERKELO AND SOLANO
## BASED ON MISJOINDER

THIS MATTER comes before the Court pursuant to the Plaintiff's response [Doc. No. 72] to the *Order to Show Cause How Defendants are Properly Joined* [Doc. No. 65] filed on February 23, 2004, and the following motions: *Defendant Gerald Solano's Motion to Dismiss Based on Misjoinder* [Doc. No. 60] filed on February 17, 2004; *Plaintiff, DirecTV, Inc.'s Amended Motion to Extend Discovery Deadline* [Doc. No. 49] filed on January 9, 2004; *Plaintiff DirecTV's Motion to Compel Ray Voigt to Respond to Discovery Requests and for Sanctions* [Doc. No. 52] filed on January 29, 2004; Plaintiff's *Motion to Compel Supplemental Discovery Responses from Defendant Jerald Solano with Accompanying Authorities* [Doc. No. 55] filed on February 11, 2004; and Defendant Jerald Solano's *Motion to Dismiss Count 3 of the Complaint* [Doc. No. 63] filed on February 20, 2004. Having reviewed the pleadings of record, the relevant law, and being fully advised in the

premises, I find that the remaining Defendants in this action are not properly joined under Fed. R. Civ. P. 20, and therefore Defendant Solano's motion to dismiss based on misjoinder [Doc. No. 60] is granted, and Plaintiff's claims against Defendants Solano and Berkelo will be dismissed without prejudice under the conditions set forth below.  In light of the dismissal of all but Defendant Sena from this action, the other pending motions listed above [Doc. No. 49, 52, 55, 63] are denied as moot with respect to this action.

In addressing the issue of misjoinder, I find the *Memorandum Opinion and Order* recently filed in DirecTV, Inc. v. Philip L. Banks, et al., Civ. No. 03-610 WJ/LFG (D.N.M. Jan. 20, 2004) to be persuasive authority.  Accord DirecTV, Inc. v. Frank Perez, et al., Civ. No. 03-55 KBM/LFG (D.N.M. Jan. 23, 2004).  I adopt the analysis provided in that *Memorandum Opinion and Order* as follows.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits.  See 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, § 1652 (3d ed. 2001).  Rule 20 imposes two requirements for permissive joinder of defendants.  First, there must be a right to relief asserted against the defendants in respect of, or arising out of, the same transaction or occurrence.  Second, there must be a common question of law or fact with respect to all defendants that will arise in the case.  Both of these requirements must be met in order to join defendants under Rule 20.  Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).  While the requirement of commonality is easily satisfied in most cases, the requirement of "transactional relatedness" is more difficult to assess.  See  4 JAMES WM.

MOORE, MOORE'S FEDERAL PRACTICE § 20.02[1][a] (3d ed. 2003).  There is no bright-line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible.  Id. at § 20.05[1].  The transactional relatedness test is not an obscure test unique to Rule 20, as it is also used to analyze cross-claims and counter-claims under Fed. R. Civ. P. 13.  See Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir. 1990).  While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules.  Moore, supra, § 20.05[2]; Wright et al., supra § 1653; see also King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 30).  The essence of the transactional relatedness requirement is a test of logical relationship.  See Fox v. Maulding, 112 F.3d 453 (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the remaining Defendants.  However, there is no question that Plaintiff's right to relief with respect to each Defendant is not transactionally related to the other Defendants.  Plaintiff's Complaint alleges that each Defendant purchased a "pirate access device" from one of several distributors or vendors of such devices, each Defendant lives in, or conducts business in, New Mexico, each Defendant's alleged order for a "pirate access device" was shipped by a vendor through the same shipping facility, and each Defendant's alleged conduct came to light through a single "raid" at a mail shipping facility.  [Pl.'s Compl.]

Plaintiff does not argue that these Defendants are properly joined because they all conduct business in, or live in, New Mexico. That would certainly be too tenuous, remote, and coincidental a connection to justify permissive joinder under Rule 20(a). Instead, Plaintiff argues that a sufficient relationship among Defendants is established by the fact that each Defendant engaged in the same general type of allegedly illegal conduct, that the same shipping facility was used by various vendors to ship "pirate access devices" to Defendants, and that the identity of each Defendant was discovered contemporaneously during a single raid on the shipping facility. These facts do nothing to tie Defendants together in a logical relationship regarding any transaction, occurrence, or series of transactions or occurrences.

The shipment of the "pirate access devices" by the vendors is not a transaction or occurrence giving rise to Plaintiff's asserted right to relief against Defendants. Thus, the fact that certain vendors used the same shipping facility does not show the requisite logical relationship among Defendants for permissive joinder under Rule 20.

The fact that each Defendant was identified during the same "raid" similarly fails to show a sufficient relationship among Defendants to justify joinder under Rule 20. While the raid was a single occurrence that may have given rise to Plaintiff's awareness of the identity of each Defendant, the raid itself does not give rise to any asserted right to relief.

Plaintiff contends that the transactional relationship test is met because each Defendant allegedly engaged in similar conduct. The alleged similarity of all the Defendants' conduct does not create a logical relationship among Defendants, such that permissive joinder is justified under Rule 20. Plaintiff does not allege that Defendants acted

in concert or with a common plan. There is no common transaction or occurrence, or series of transactions or occurrences, logically connecting Defendants to one another. Therefore, the remaining Defendants are misjoined in this case under Fed. R. Civ. 20.

The Court next addresses whether severance or dismissal of these Defendants is the appropriate remedy for this misjoinder. In this regard, Plaintiff points out that other federal district courts addressing misjoinder of claims in similar cases have severed Defendants and created new cases for each Defendant named in an action. See Directv, Inc. v. Hurst, Civil No. 03-674-F (W.D. Okla. Aug. 8, 2003 (unpublished order) (concluding that dismissal of misjoined defendants was not appropriate and severing the claims against the various defendants); In re Cases Filed by Directv, Inc., Supplemental General Order No. 2003-23 (N.D. Ohio June 18, 2003) (unpublished order) (setting out a complex procedure to sever defendants in forty-four cases involving approximately 320 defendants).

The Court does not find these authorities from other districts to be persuasive in this instance for the following reasons. First, ordering the Clerk of Court for the District of New Mexico to sever out numerous misjoined Defendants would place a heavy burden on the Clerk whose staff is already overburdened with a huge number of southwest border-related cases. The burden of correcting the misjoinder should properly be placed on Plaintiff, as it was Plaintiff's decision to group these Defendants together in filing this case and numerous other cases in what appears to be an attempt by Plaintiff to avoid paying court filing fees for actions against each Defendant. See Directv, Inc. v. Blahuta, No. 03 C 6287, 2003 WL

22225585 (N.D. Ill. Sept. 25, 2003) (unpublished memorandum order); Directv v. Booker, No. 03-RB-0859 (D. Colo. July 3, 2003) (unpublished order).

Additionally, the Court is not persuaded that the dismissal of individual Defendants will significantly upset the course of ongoing discovery pursuant to Judge Garcia's *Order Consolidating Cases for Pretrial Case Management Only* filed on July 23, 2003. [Doc. No. 37.] That ruling was later rescinded by a subsequent *Order* in which Judge Garcia expressly found that: "because some Defendants have been served and others have not; [and] because some Defendants have answered and others have not; the Court's efforts to effectively manage these cases as a group have been thwarted. Rather than promoting efficiency, the consolidation order has resulted in delay." [Doc. No. 58.] In this case, the Court similarly finds that the joinder or consolidation of multiple Defendants has not contributed to efficient case management.

Finally, while Rule 21 provides that "misjoinder of parties is not grounds for dismissal of an action," it does provide that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of an action and on such terms as are just." Here, the Court does not propose dismissal of Plaintiff's action, but rather dismissal

of Defendants Solano and Berkelo from this action,[1] while retaining Defendant Sena.[2] Such a disposition is in accordance with Rule 21.

For these reasons, I will order that Defendants Solano and Berkelo be dismissed from this action without prejudice. Plaintiff may refile its Complaint against these Defendants provided that Plaintiff files a separate Complaint and pays a separate filing fee with regard to each Defendant.

Based on the dismissal of all but Defendants Sena as noted above, the other pending motions in this case [Doc. No. 49, 52, 55, 63], with the exception of the motions for default judgment against Defendant Sena [Doc. No. 53], are denied as moot with respect to this action, subject to reconsideration of the issues raised therein in the event that Plaintiff elects to file a separate action against each Defendant.

**IT IS, THEREFORE, ORDERED** that *Defendant Gerald Solano's Motion to Dismiss Based on Misjoinder* [Doc. No. 60] is **GRANTED** and Defendant Jerald Solano is **DISMISSED WITHOUT PREJUDICE** from this action.

---

[1] Defendants Voigt, Sipe, Carter, Winn, Marquez, Branch, and Torres previously were voluntarily dismissed from this action by Plaintiff. [Doc. No. 56, 57, 59, 62, 69, 70, 77.]

[2] The Court's decision to retain Defendant Sena is based on the fact that a motion for default judgment is pending against this Defendant. While the Clerk of the Court has filed a *Clerk's Entry of Default* against Defendant Sena pursuant to Fed. R. Civ. P. 55(a) [Doc. No. 74], the Court has not yet ruled on Plaintiff's motion for a default judgment against this Defendant pursuant to Fed. R. Civ. P. 55(b). [Doc. No. 53.] See Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n. 11 (2d Cir. 1995) (distinguishing entry of default from default judgment).

**IT IS FURTHER ORDERED** that Defendant Robert Berkelo is **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that if Plaintiff elects to reassert its claims against Defendants Jerald Solano and Robert Berkelo by filing a separate case against each Defendant within thirty days of this Order, the newly-filed Complaint shall relate back to the date on which the original Complaint in this case was filed.

**IT IS FURTHER ORDERED** that this case shall remain pending as to Defendant Manny Sena.

**IT IS FURTHER ORDERED** that the caption of this case is hereby amended as follows:

**DIRECTV, INC.**

    **Plaintiff**

**v.**                                                                                          **Civil No. 03-58 MCA/DJS**

**MANNY SENA,**

    **Defendant.**

**IT IS FURTHER ORDERED** that *Plaintiff, DirecTV, Inc.'s Amended Motion to Extend Discovery Deadline* [Doc. No. 49] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that *Plaintiff DirecTV's Motion to Compel Ray Voigt to Respond to Discovery Requests and for Sanctions* [Doc. No. 52] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion to Compel Supplemental Discovery Responses from Defendant Jerald Solano with Accompanying Authorities* [Doc. No. 55] is **DENIED AS MOOT** with respect to this action.

**IT IS FURTHER ORDERED** that Defendant Jerald Solano's *Motion to Dismiss Count 3 of the Complaint* [Doc. No. 63] is **DENIED AS MOOT** with respect to this action.

**SO ORDERED**, this 23rd day of March, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
*United States District Judge*